## Reichner, Appellant, v. Trust Company of North America.

*Promissory notes—Suit by indorsee against maker—Evidence.*

In an action of assumpsit the plaintiff declared as indorsee on a promissory note executed and delivered to the payee by defendant's testatrix. At the trial plaintiff offered the note with the endorsement in blank of the payee on the back. The note also bore a special endorsement of the payee to the order of the plaintiff dated several months after maturity. This special endorsement was not offered in evidence at the trial by either party. The defendant proved that the note had been discounted by a bank on the day of its execution, and that some one had paid the full amount of the note to the bank at maturity. It was also shown that the proceeds of the note had been placed to the credit of the payee on the books of the bank. In rebuttal plaintiff offered the affidavit of defense to show on admission that the payee of the note had it discounted at the bank, and at maturity had paid the note in full. There was no evidence to show that the note had been signed by an accommodation maker. *Held,* that a verdict and judgment for plaintiff should be sustained, as plaintiff was entitled to binding instructions.

Argued May 15, 1912. Appeal, No. 143, Jan. T., 1911, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1907, No. 1043, for defendant non obstante

veredicto in case of Winfield K. Reichner v. Trust Company of North America, Executor of the. Last Will and Testament of Caroline Vautier, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Assumpsit by an endorsee against the maker of a promissory note. Before MARTIN, P. J.

The note in suit was as follows:

$1,200—           Philadelphia, 3, 10—1905

Four months after date I promise to pay to the order of Samuel K. Reichner Twelve hundred — — — dollars at 1503 East Passyunk Ave. Without defalcation, for value received.

Caroline Vautier

No: — — Due — —           1503 Passyunk Ave.
Endorsed — Samuel K. Reichner

Mar. 1st. 1906

For value received I assign sell and transfer all my right title and interest in the within note to Winfield K. Reichner.

Saml. K. Reichner

The facts are stated in the opinion of the Supreme Court.

At the trial the jury returned a verdict for the plaintiff for $1,672.80. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*W. W. Porter,* of *Porter, Foulkrod & McCullagh,* with him *Albert T. Bauerle,* for appellant.—Under the evidence the appellant was entitled to have a verdict directed in his favor, in accordance with his request, and judgment should now be entered in favor of the plaintiff

on the verdict: McCarty v. Roots, 62 U. S. (21 Howard) 432; Kyner v. Shower, 13 Pa. 444; Riegel v. Cunningham, 9 Phila. 177; Ross v. McConnell, 13 York Leg. Rec. 21; Louchheim v. Maguire, 186 Pa. 311; Liebig Mfg. Co. v. Hill, 9 Pa. Superior Ct. 469; Second Nat. Bank v. Hoffman, 229 Pa. 429; Warne v. Johnston, 48 Pa. Superior Ct. 98; Hastings v. Speer, 34 Pa. Superior Ct. 478; Krœgher v. McConway & Torley Co., 149 Pa. 444; Oehmler v. Rys. Co., 25 Pa. Superior Ct. 617; Elder Twp. School District v. R. R. Co., 26 Pa. Superior Ct. 112; Hawk v. Maxler, 233 Pa. 337.

*George Henderson,* for appellee, cited: Snyder v. Riley, 6 Pa. 164; Tams v. Way, 13 Pa. 221; Hill v. Kroft, 29 Pa. 186; Nagle's Est., 134 Pa. 31; Hartley v. Corboy, 150 Pa. 23; Bowers v. Rineard, 209 Pa. 545; Cornog v. Wilson, 231 Pa. 281; Stewart v. DeNoon, 220 Pa. 154.

The plaintiff has failed to establish a title after maturity.

The plaintiff had parted with any title he possessed: Rensselaer Glass Factory v. Reid, 5 Cow. (N. Y.) 587.

Opinion by Mr. Justice Elkin, May 22, 1912:

This suit was brought by the indorsee against the maker of a promissory note. At the trial the jury found in favor of the plaintiff and returned a verdict for the principal and interest of the note. On motion, judgment non obstante veredicto for defendant was entered upon the whole record. The errors complained of in the first, second and third assignments, relate to the entry of judgment n. o. v. and to the refusal of the trial judge to give binding instructions; the other assignments complain of errors in the admission of certain testimony. The defendant died while the suit was pending and her executor was substituted as party defendant. Thus the record stood at the time of trial. Death having sealed the lips of the maker of the note, defendant in the suit, the indorsee, the party suing, could not be called as a

witness. Plaintiff offered in evidence the original note
with the indorsement in blank of Samuel K. Reichner,
the payee, on the back of it and rested. Defendant
made a motion for compulsory nonsuit which was over-
ruled. Defendant then proved by a witness called for
the purpose that the note in suit was discounted by
the Southwark National Bank on the day of its execu-
tion, and that someone paid the full amount of the
note to the bank at maturity. It also proved that the
proceeds of the discounted note were placed to the credit
of the payee on the books of the bank. Defendant then
offered testimony relating to collateral matters, not ma-
terial for consideration here, and rested. In rebuttal
plaintiff offered in evidence that part of the affidavit of
defense in which it was admitted that the payee of the
note had it discounted at the bank and at maturity paid
the same in full. Who in fact paid the note does not
appear except as it is admitted by the maker in the
affidavit of defense, that she did not pay it and the
payee did. Upon this record the case was submitted
to the jury. There was some confusion at the trial, and
there is some here, as to the rights of a holder for value
before and after maturity. No defense except payment
is good against a bona fide holder for value before ma-
turity; but, as to a bona fide holder for value after ma-
turity, the maker can set up any defense which could
have been made in a suit brought by the original payee.
If, therefore, it appeared as a fact, or if the facts were
sufficient to warrant the jury in drawing the inference,
that appellant was a holder for value after maturity,
it would have been a good defense to show that the note
was signed by an accommodation maker. The difficulty
with the case at bar is that no testimony was offered at
the trial to show that the note was signed by an accom-
modation maker, nor was there anything on the face of
the note, or in the indorsement, offered in evidence, to
so indicate. The record must be taken as we find it, and
when considered as presented here, the conclusion is

irresistible that no matter what the merits of such a defense may have been, it was not made out. Appellee seems to take the position that the burden was not on the defendant to show that the note sued on was accommodation paper, until appellant had first established the fact that he was a holder for value. This is an erroneous view of the case. When, at the trial, the note with the indorsement in blank, was offered in evidence by the holder, a prima facie case was made out, which to defeat a recovery required a defense. The argument is made here that there were suspicious circumstances, connected with the transaction, sufficient to overcome the presumption that the plaintiff is a holder for value, and a number of cases are cited relating to this question. The answer to this position is that the defendant failed to prove the suspicious circumstances, and we are not at liberty to presume such circumstances. They must be proved like other material facts. The formal assignment on the back of the note was not offered in evidence by either party, and cannot be considered; and the same may be said of the statement of claim filed in a former suit which was discontinued. If the facts now relied on to show suspicious circumstances were material to the case, it was the duty of appellee to prove them at the trial, and failure to offer the proof, leaves the record barren of any facts upon which to base the contention.

We find nothing in this record that discloses a good defense, even against the original payee of the note, and therefore none as against the indorsee even if he acquired title after maturity. If it had been shown that the note was signed by an accommodation maker, it would have been a good defense against the original payee, or the holder for value after maturity, but such a defense depends upon the facts, and none were proved.

The jury found in favor of the appellant upon the merits of the case when it was submitted without binding instructions, to which, as we view it, he was clearly

entitled. So far as the record discloses he is sustained both by the law and the facts.

The first, second and third assignments of error are sustained.

Judgment reversed and is here entered for plaintiff on verdict.